UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ALINA GOMEZ,**                                              Chapter 13
    Debtor                                 Case No. 10-10619-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Whereas, the above-captioned Debtor filed a voluntary petition under Chapter 13 on January 25, 2010 and filed her matrix list of creditors four days later on January 29, 2010 which included the following creditors: "William Einhorn, George Fraley, and David Samet, Care of Hans Hailey, Esq., 225 Friend Street, 5th Floor, Boston, MA 02114" (collectively, the "Creditors"); and

Whereas, on February 1, 2010, the Court issued a notice to creditors that the § 341 meeting of creditors was scheduled for March 10, 2010 and that May 10, 2010 was the deadline for filing complaints under 11 U.S.C. § 523(c) and such notice was sent to the Creditors at the above notice address, *see* Fed. R. Bankr. P. 4007(c)[1] and 9006; and

---

[1] Fed. R. Bankr. P. 4007(c) provides that a complaint under § 523(c) "shall be filed no later than 60 days after the *first* date set for the meeting of creditors under § 341(a). . . On a motion of a party in interest, after hearing on notice, the court may for cause extend the time under this subdivision. *The motion shall be filed before the time has expired.*" (emphasis added).

1

Whereas, on June 18, 2010, the Creditors filed a Motion for Relief from Stay "to allow for a hearing on the Assessment of Damages to be held and to allow the Creditors to collect those assessed damages" which the Court denied *sua sponte* on June 23, 2010 due to the Creditors' failure to file a certificate of prefiling conference.  *See* MLBR, Appendix 1, Rule 13-16-1(a); and

Whereas, nine days later and 53 days after the expiration of the deadline to file a complaint under 11 U.S.C. § 523, on July 2, 2010, the Creditors filed a "Complaint Objecting to the Dischargeability of the Debtor's Indebtedness to [Creditors] Pursuant to 11 USC § 523(a)(4)" against the Debtor, which was filed by Attorney Gene R. Charny, commencing Adversary Proceeding No. 10-1183; and

Whereas, on July 7, 2010, the Creditors, through Attorney Charny,[2] filed a "Motion to Allow the Filing of an Adversary Proceeding Complaint After Complaint Bar Date" (the "Motion to Allow Late Filing"), in which the Creditors asserted that Attorney Hailey had been hospitalized, that failure to timely file the complaint was the result of excusable neglect, and that allowance of the Motion would not prejudice the Debtor; and

Whereas, on July 19, 2010, the Debtor filed an Emergency Motion to Extend Response Deadline regarding the Motion to Allow Late Filing in which she asserted that the Motion to Allow Late Filing violated Fed. R. Bankr. P. 9011 but requested an extension of time to respond prior to seeking sanctions in order to comply with the safe harbor

---

[2] The pleading indicates that Attorney Charny works at the Law Offices of Hans Hailey and that he has been covering matters for Attorney Hailey during Attorney Hailey's illness.

provisions of that rule.[3] *See* Fed. R. Bankr. P. 9011(c); and

Whereas, on August 11, 2010, the Debtor filed a Second Motion to Extend Response Deadline in which she asserted that she was unable to resolve the matter with the Creditors and requested an additional 21 days to comply with Rule 9011's safe harbor provisions prior to filing a motion for sanctions, a draft of which she attached as an exhibit to her motion;[4] and

Whereas, on August 20, 2010, the Debtor filed her Opposition to the Motion to Allow Late Filing and a Motion for Sanctions against the Creditors and their attorneys for the increased costs associated with responding to the improper pleadings; and

Whereas, counsel to the Debtor asserted that he attempted on numerous occasions to resolve the matter with the Creditors' counsel to no avail prior to filing the Motion for Sanctions; and

Whereas, on September 10, 2010, the Creditors filed, through Attorney Charny, an Application for Entry of Default Judgment against the Debtor in the Adversary Proceeding;[5] and

---

[3] The Court allowed the Emergency Motion to Extend Response Deadline on July 20, 2010.

[4] The Court allowed the Second Motion to Extend Response Deadline on the same day, August 11, 2010.

[5] A Clerk's Notice of Default was entered against the Debtor on September 9, 2010. The Court vacated the default on the following day upon the Debtor's filing of an Emergency Motion to Remove Default. The Creditors, through Attorney Charny, objected to the removal of the default.

Whereas, on September 27, 2010, the Creditors filed an Opposition to the Motion for Sanctions, signed by Attorney Charny, in which they did "not dispute that late filings have been made" and that "Attorney Charny is unexperienced [sic] in bankruptcy practice . . . and that filings were hastily filed without understanding the rules . . . ;" and

Whereas, on October 7, 2010, the Court conducted a hearing on the Creditors' Motion to Allow Late Filing, the Creditors' Application for Default Judgment, and the Debtor's Motion for Sanctions; and

Whereas, the Court denied the Motion to Allow Late Filing pursuant to Fed. R. Bankr. P. 4007(c), denied the Application for Entry of Default Judgment as the Complaint was untimely and allowed the Motion for Sanctions, finding that the filing of the Complaint, the Motion to Allow Late Filing and the Application for Entry of Default Judgment violated Rule 9011 as all the pleadings were frivolous and unwarranted by existing law (the "October 8th Order"); and

Whereas, the Court further ordered that counsel to the Creditors pay sanctions to Debtor's counsel, Attorney Mark Rossi, in the amount of the actual fees incurred by him in defending this matter and ordered Debtor's counsel to file an itemization of costs and fees in accordance with Fed. R. Bankr. P. 2016; and

Whereas, Attorney Rossi filed a Fee Application on October 14, 2010, seeking $4,280 in fees for 23.2 hours of work performed (the "Application"); and

Whereas, Attorney Charny filed a Response to the Application on November 18, 2010, asserting that this is the first case in which he has appeared before the Bankruptcy

Court and that although his pleadings were inappropriate, this Court should choose a less severe sanction than actual attorney's fees to accomplish the purpose of Rule 9011 and that Attorney's Rossi's fees are unreasonable and excessive in light of his experience as a bankruptcy practitioner; and

Whereas, in his Response, Attorney Charny posed the question: "Does it take over 20 hours, accumulating fees totaling $4,280.00 for that highly skilled, very experienced, knowledgeable bankruptcy attorney to respond to pleadings filed after the deadline?" and

Whereas, the Debtor filed a Reply to the Creditors' Response on November 26, 2010, contending that it was, in effect an untimely motion to reconsider the Court's October 8th Order and was, itself, a frivolous and sanctionable pleading.

Now, therefore, the Court finds as follows:

"The purpose of Rule 9011 is to deter baseless filings in bankruptcy [cases] and thus avoid the expenditure of unnecessary resources by imposing sanctions on those found to have violated it." In re M.A.S. Realty Corp., 326 B.R. 31, 37 (Bankr. D. Mass. 2005)(citing In re Deville, 280 B.R. 483, 492 (B.A.P. 9th Cir. 2002)). In CK Liquidation Corp. v. Burdick (In re CK Liquidation Corp.), the United States Bankruptcy Appellate Panel for the First Circuit observed:

> Although neither the Rule nor case law enumerates an exhaustive list of factors a court should consider in deciding whether to impose sanctions or what type of sanctions to impose, the following is a list of factors that 'may in a particular case be proper considerations:'
>
> > whether the improper conduct was willful, or negligent;
> > whether it was part of a pattern of activity, or an isolated event;

5

> whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

321 B.R. 355, 362 (B.A.P. 1st Cir. 2005)(citing Dibbs v. Gonsalves, 921 F. Supp. 44, 55 (D.P.R.1996)(quoting Advisory Committee Notes to Fed. R. Civ. P. 11)).[6]

The Bankruptcy Appellate Panel further elaborated on the purpose of such sanctions:

> Once a court determines that a person violated Rule 9011(b), it may impose an 'appropriate sanction.' Fed. R. Bankr. P. 9011(c). The sanction generally serves a dual purpose of deterrence and compensation. 1095 Commonwealth Corp. [v. Citizens Bank of Mass. (In re 1095 Commonwealth Corp.)], 236 B.R. [530] at, 538 [(D. Mass.1999)]. With respect to deterrence, the court must limit the sanction to 'what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.' Fed. R. Bankr.P. 9011(c)(2). With respect to compensation, reasonable costs incurred as a result of the sanctionable conduct may appropriately form the basis of a Rule 9011 sanction. 1095 Commonwealth Corp., 236 B.R. at 538.

In re CK Liquidation Corp., 321 B.R. at 366.

The Court has previously determined that Attorney Charny violated Rule 9011 and thus is left to impose an appropriate sanction for the purpose of deterring frivolous pleadings and compensation. The Court finds that the circumstances of this case more than

---

[6] "Because FRBP 9011 is derived from Federal Rule of Civil Procedure 11, the First Circuit has explained that 'Rule 11 jurisprudence is largely transferable to Rule 9011 cases.'" In re CK Liquidation Corp., 321 B.R. at 362 (quoting Featherston v. Goldman (In re D.C. Sullivan Co.), 843 F.2d 596, 598 (1st Cir.1988)).

adequately warrant the imposition of sanctions in the sum of the actual attorney's fees incurred by Attorney Rossi. His requested attorney's fees are reasonable given the number of communications with his client necessitated by the Creditors' filings, the attempts he made to advise Attorney Charny of the untimeliness of the Creditors' pleadings, the opportunities Attorney Charny had to withdraw the pleadings to mitigate the harm to the Debtor who would otherwise have to pay Attorney Rossi's fees, the time and expense incurred by Attorney Rossi to prepare and review motions in both the main case and the adversary proceeding, and the time required to attend the October 7th hearing. Moreover, Attorney Charny conceded in Court and in various pleadings that his filings were the result of his ignorance and inexperience with bankruptcy law.

    In light of this candor, it is perplexing that Attorney Charny would challenge the amount of time Attorney Rossi devoted to addressing the product of Attorney Charny's inexperience and haste. Indeed, Attorney Rossi dutifully complied with the 21 day safe harbor provisions of Rule 9011 prior to filing the Motion for Sanctions which was more than ample time for Attorney Charny to review the applicable bankruptcy rules and associated deadlines and withdraw his untimely pleadings. Indeed, Attorney Charny persisted in his pattern of disregard for applicable law and procedure by filing the Application for Entry of Default Judgment with respect to the untimely complaint 21 days after the filing of the Motion for Sanctions after his errors had been pointed out to him and he should have been aware that sanctions were warranted. In light of these facts and Attorney Charny's pattern of conduct, the Court finds that the imposition of sanctions

against him in the amount $4,280, the actual amount of fees incurred by Attorney Rossi, serves the dual purpose of deterrence and compensation. The Court approves the Application in the amount of $4,280 and hereby orders Attorney Charny to pay that sum to Attorney Rossi by March 1, 2011, and thereafter file a certificate of compliance with the Court with a copy of a certified check or money order in the sum of $4,280 attached.

By the Court,

_____
Joan N. Feeney
United States Bankruptcy Judge

Dated: February 4, 2011